COMMONWEALTH *vs.* ELLEN M. ABBOTT & another.

Suffolk.   March 29, 1897. — May 21, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Recognizance — Married Woman.*

A married woman may enter into a recognizance.

It is no defence to an action on a recognizance in the Superior Court that one substantially similar in all respects had been entered into by the parties before the police court from which the appeal was taken.

CONTRACT, on a recognizance against Maria E. Sprague and Ellen M. Abbott, bail of Nellie McFadden.   At the trial in the Superior Court, without a jury, before *Wardwell*, J., it appeared that the original action in which the first recognizance was given was a complaint to the Police Court of Chelsea against McFadden for maintaining a liquor nuisance.   The defendants filed special answers in abatement, alleging grounds stated in the opinion.   To these answers the Commonwealth demurred, and the demurrers were sustained.   The defendants then filed general answers.   The judge gave judgment for the Commonwealth; and the defendants alleged exceptions, the nature of which appears in the opinion.

*J. E. Bates*, for the defendants.

*M. J. Sughrue*, First Assistant District Attorney, for the Commonwealth.

HOLMES, J.   This case comes before us upon exceptions to the entry of judgment upon a recognizance given in a criminal case in the Superior Court.   The facts upon which it is contended that the recognizance is void are, first, that one of the defendants is a married woman, and owns real estate in which her husband has an initiate right of curtesy, and that he did not consent to her making the contract; and, secondly, that a recognizance substantially similar in all respects had been entered into by the parties before the police court, and that the Superior Court had no right to require the one in suit.

Both grounds are insufficient.   The first contention is disposed of by the statute as to married women.   Pub. Sts. c. 147,

§§ 2, 7. With regard to the second, whatever may be the practice elsewhere, *Regina* v. *Shirley*, 7 Jur. 1038, it is the established practice here when the prisoner is before the court to order a new recognizance if the court believes or apprehends that the old one is insufficient. No doubt that was, the case here, and upon further examination the sureties satisfied the court of their sufficiency. There is no ground for the suggestion that it was requiring excessive bail, even if the second recognizance did not supersede the first, which we do not intimate. It is unnecessary to consider other answers to this part of the case.

Some suggestion of variance was made in the answers, but it is enough to say that this was waived in the Superior Court.

*Exceptions overruled.*